**TRW, INC., Plaintiff—Appellee,**

v.

**INDUSTRIAL SYSTEMS AS-
SOCIATES, INC., Defen-
dant—Appellant.**

**Nos. 01–3134, 01–3196.**

United States Court of Appeals,
Sixth Circuit.

Oct. 2, 2002.

Before DAUGHTREY, GILMAN, and GIBSON,* Circuit Judges.

PER CURIAM.

Industrial Systems Associates, Inc. appeals from an order granting a preliminary injunction to TRW, Inc. Industrial Systems argues that a binding and enforceable mutual covenant not to sue precluded a finding by the district court that TRW had proved the substantial likelihood of success on the merits and that the district court thus abused its discretion by entering the injunction. The report and recommendation of the magistrate judge found that Industrial Systems failed to present sufficient evidence or legal argument that the covenant was binding and enforceable. TRW and Industrial Systems presented evidence that would support differing views as to the substance of any such agreement. We therefore cannot conclude that the finding of the magistrate judge, as adopted by the district court, was a clearly erroneous finding of fact or an erroneous ruling of law.

Industrial Systems also argues that the district court improperly applied the governing Pennsylvania law and rewrote the parties' agreement, particularly with reference to the termination date. Industrial Systems contends it was not required to furnish TRW specific information until the termination date. The magistrate judge stated that the clear intent of the agreement was to have an orderly transition and orderly passing of activities from Industrial Systems to TRW on termination. She held that Industrial Systems' contention that it could produce the information in question on the termination date was "circular and unreasonable, and is inconsistent

---

* The Honorable John R. Gibson, United States Circuit Judge for the United States Court of

Appeals for the Eighth Circuit, sitting by designation.

with the express terms of the agreement requiring a smooth and orderly transition." Industrial Systems' arguments do not persuade us that the magistrate judge or district judge erred in this respect.

Industrial Systems further argues that the district court improperly applied the irreparable harm standard and abused its discretion in entering the injunction. The decision of the magistrate judge, adopted by the district court, stated that TRW "will have the serious threat of having to shut down its operations. . . . TRW is the sole supplier of air bags for an automotive platform for which it maintains a supply contract." She found that automakers could not readily obtain air bags from a second source if TRW were to fail to supply them. "TRW will lose good will, and its business relations with existing and future business prospects will be undermined." Industrial Systems has not persuaded us that the magistrate judge's findings of fact, adopted by the district court, are clearly erroneous, nor that any legal conclusions are in error. We cannot conclude that the district court abused its discretion in determining that TRW would be irreparably harmed.

We affirm the order of the district court granting a preliminary injunction and its order modifying the injunction entered on February 16, 2001.